UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 10586 JLT**

|  |  |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) MAGISTRATE JUDGE Cohen ) |
| v. | ) Civil Action No. _____ ) |
| JUDITH A. HALE, JAMES S. HALE, BRADFORD J. HALE, ANDREW M. HALE, KIMBERLY A. HALE, MICHAEL J. HALE, ROCHELLE L. HALE, JANICE L. HALE f/k/a JANICE FOURNIER, and DANIEL J. FOURNIER. | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

RECEIPT # 54840
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
DATE 3/25/04

## THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S INTERPLEADER COMPLAINT

Pursuant to Rules 3 and 22 of the Federal Rules of Civil Procedure, The Prudential Insurance Company of America files the following Interpleader Complaint against defendants Judith A. Hale, James S. Hale, Bradford J. Hale, Andrew M. Hale, Kimberly A. Hale, Michael J. Hale, Rochelle L. Hale, Janice L. Hale f/k/a Janice Fournier, and Daniel J. Fournier (collectively "the Defendants").

### PARTIES

1. Plaintiff The Prudential Insurance Company of America ("Prudential") is an insurance company organized under the laws of the State of New Jersey, with a principal place of business in Newark, New Jersey and it is duly authorized to conduct business in the Commonwealth of Massachusetts.

2. Defendant Rochelle L. Hale ("Rochelle") is an individual who, upon information and

belief, resides at 70 Shortell Avenue in the Town of Beverly, Massachusetts 01915. Upon information and belief, Rochelle is the former spouse of Prudential's deceased insured, Stanley B. Hale ("Stanley").

3. Defendant Daniel J. Fournier ("Daniel") is an individual who, upon information and belief, resides at 8 Tozier Road, Apartment number 7, in the Town of Beverly, Massachusetts 01915. Upon information and belief, Daniel is the grandson of Stanley.

4. Defendant Janice L. Hale f/k/a Janice Fournier ("Janice") is an individual who, upon information and belief, resides at 7 Hawthorne Circle in the Town of Peabody, Massachusetts 01960. Upon information and belief, Janice is the daughter of Stanley.

5. Defendant Judith A. Hale ("Judith") is an individual who, upon information and belief, resides at 240 Pleasant Street in Wakefield, Massachusetts 01880. Upon information and belief, Judith is the former spouse of Stanley.

6. Defendant Andrew M. Hale ("Andrew") is an individual who, upon information and belief, resides at 240 Pleasant Street in Wakefield, Massachusetts 01880. Upon information and belief, Andrew is the son of Stanley.

7. Defendant Kimberly A. Hale ("Kimberly") is an individual who, upon information and belief, resides at 840 Sweetwater lane, Apartment number 306, in Boca Raton, Florida 33431. Upon information and belief, Kimberly is the daughter of Stanley.

8. Defendant Michael J. Hale ("Michael") is an individual who, upon information and belief, resides at 70 Shortell Avenue in the Town of Beverly, Massachusetts 01915. Upon information and belief, Michael is the grandson of Stanley.

9. Defendant James S. Hale ("James") is an individual who, upon information and

belief, resides at 70 Shortell Avenue in the Town of Beverly, Massachusetts 01915. Upon information and belief, James is the son of Stanley.

10. Defendant Bradford J. Hale ("Bradford") is an individual who, upon information and belief, resides at 240 Pleasant Street in the Town of Wakefield, Massachusetts 01880. Upon information and belief, Bradford is the son of Stanley.

## JURISDICTION

11. This is an action for rule interpleader under Fed.R.Civ.P. 22, 28 U.S.C. § 1331, and equitable 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3)(B), to enforce the terms of an employee welfare benefit plan and to obtain other appropriate equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 - 1461.

12. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1131 inasmuch as the case involves a federal question. This action involves competing or potentially competing claims to insurance benefits available under an ERISA-regulated group life insurance plan ("Plan"). As such, Prudential is, or may be, exposed to double or multiple liability. ERISA authorizes suits by fiduciaries like Prudential to obtain equitable relief, such as interpleader, and to enforce the provisions of an ERISA plan. 29 U.S.C. § 1132(a)(3)(B)(ii). The district courts of the United States have jurisdiction over such claims without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. § 1132(f).

13. Venue in this Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

## FACTS

14. Prudential's deceased insured, Stanley B. Hale was employed as a certified public accountant. He purchased life insurance coverage from Prudential through the American Institute

of Certified Public Accountants ("AICPA") under Prudential Group Policy No. GO-14273 ("Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit A. Stanley was insured under the AICPA Policy for $250,000 in optional group life coverage. The Policy's death benefit, plus any applicable interest thereon are referred to throughout as the "Proceeds."

15. Stanley died of acute respiratory arrest associated with metastatic prostate cancer on December 13, 2003. A true and accurate copy of the City of Salem, Massachusetts, Office of the Clerk, Certificate of Death, relating to Stanley dated December 17, 2003, is attached hereto as Exhibit B.

16. Stanley submitted his original beneficiary designation form ("Original Designation") to Prudential in 1986. A true and accurate copy of the Original Designation is attached hereto as Exhibit C. In the Original Designation, Stanley named eight beneficiaries. Pursuant to the terms of that designation, his wife Judith Hale was to receive $145,000, and the seven remaining beneficiaries -- James, Bradford, Andrew, Kimberly, Janice, Michael and Daniel -- were to receive $15,000 each.

17. AICPA received a letter regarding the Policy from Attorney Erica M. Foster dated October 27, 2003. A true and accurate copy of the letter from Attorney Erica M. Foster dated October 27, 2003 is attached hereto as Exhibit D. AICPA forwarded that letter to Prudential. Attorney Foster's letter provides, in pertinent part, as follows:

> Please be advised that I represent Mrs. Judith Hale in her pending divorce against Stanley Hale. You are currently administrators of the above-noted life insurance policy of Mr. Hale's. I am writing to notify you that there should be no changes made to the beneficiaries to any benefits accessed [sic] at this time because of the divorce. In Massachusetts, an automatic restraining order issues upon the filing of a divorce prohibiting any change or transfer of assets including life insurance policies. The docket number of the case is 00D-2010-DV1 and it is filed in the Essex probate and Family Court in Salem, MA.

18.     Thereafter, Stanley submitted a second beneficiary designation form ("Second Designation") to Prudential. A true and accurate copy of the Second Designation dated December 2, 2003 is attached hereto as Exhibit E. In the Second Designation Stanley made changes to the list of persons designated as beneficiaries, and he also changed the sum to be paid to each beneficiary. Pursuant to the terms of the Second Designation, Janice was to receive $60,000, Daniel was to receive $15,000, Rochelle was to receive $15,000, Kimberly was to receive $15,000, Michael was to receive $15,000, Bradford was to receive $10,000, Andrew was to receive $10,000 and Judith was to receive $110,000.

19.     Each of the eight beneficiaries on the Second Designation has completed and filed a Group Life Insurance Claim Form. True and accurate copies of the Group Life Insurance Claim Forms filed with Prudential by Rochelle, Daniel, Janice, Judith, Andrew, Bradford, Kimberly and Michael are attached hereto as Exhibit F, G, H, I, J, K, L, and M.

20.     On or about February 13, 2004, Prudential received a facsimile copy of a Separation Agreement purportedly entered into by and between Stanley and Judith in connection with Judith's pending divorce action against Stanley. A true and accurate copy of the Separation Agreement, dated December 11, 2003, is attached hereto as Exhibit N. In the Separation Agreement, it was agreed that, among other things, Stanley would be permitted to reduce Judith's beneficial interest in the Policy from $145,000 to $110,000. Exhibit N at 9-10. Stanley also agreed therein to allocate $10,000 of the Proceeds to Andrew and $10,000 to Bradford. The Settlement Agreement provides in part that,

> The Parties recognize that Stanley is insured under a group policy of life insurance insuring his life in the amount of $250,000.00. Judith

>agrees that Stanley Shall be permitted to reduce her beneficial interest in the policy from $14,000.00 to $110,000.00 and that Stanley shall be permitted to name as beneficiaries of the remaining beneficial interest in the policy, to any other individual or entity of his choosing...

Exhibit N at 9-10.

21. Prudential initiated this interpleader action to ensure that it makes the correct benefit payments to the proper beneficiaries. Prudential must determine which of the two beneficiary designations to accept before it can reasonably proceed with payment. In light of the conflicting beneficiary designation forms Prudential is or may be subject to multiple liability with respect to the Proceeds.

22. In filing Group Life Insurance Claim Forms the defendants have evinced an entitlement to the Proceeds. There are conflicting or potentially conflicting claims to the Proceeds.

23. Prudential is merely a disinterested stakeholder in this action inasmuch as it claims no interest in Proceeds, and admits that the Proceeds are due and owing to someone. Prudential hereby offers to and is ready to deposit the Proceeds with the Court upon the entry of an appropriate Order.

## COUNT ONE
## INTERPLEADER UNDER FED.R.CIV.P. 22

24. Prudential incorporates the allegations set forth in paragraphs 1 - 23 of its Interpleader Complaint and incorporates them by reference as if set forth fully herein.

25. The death benefit at issue consists of $250,000 in group life insurance benefits. Prudential will deposit a check in the amount of $250,000, plus any applicable interest, after the entry of an appropriate Order.

26. Prudential admits that it must pay the Proceeds, but Prudential avers that it must pay the Proceeds only one time.

27. Unless Prudential is allowed to interplead all of the claimants, Prudential is at risk for double, multiple, or inconsistent judgments.

28. Pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(a)(3)(B), 29 U.S.C. § 1144(a), and Fed.R.Civ.P. 22 this Court is empowered to enjoin any claimant from filing a separate lawsuit relating to the life insurance distribution, and to discharge Prudential from any further liability relating to the Proceeds and/or the Policy.

29. Pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(a)(3)(B), and Fed.R.Civ.P. 22 to award a disinterested stakeholder such as Prudential the reasonable costs and attorneys' fees associated with initiating an interpleader action.

30. Prudential is entitled to have this Court adjudicate the competing claims, or potentially competing claims of the defendants and to establish Prudential's legal obligations to the defendants with finality.

## COUNT TWO
## EQUITABLE INTERPLEADER

31. Prudential incorporates the allegations set forth in paragraphs 1 - 30 of its Interpleader Complaint and incorporates them by reference as if set forth fully herein.

32. As a fiduciary of the Plan, equitable interpleader is available to Prudential under ERISA's civil enforcement section, § 502(a), to enforce the terms of the Plan and to obtain other appropriate equitable relief as well.

33. Prudential admits that it must pay the Proceeds, but Prudential avers that it must pay

the Proceeds only one time.

34.     Unless Prudential is allowed to interplead all of the claimants, Prudential is at risk for incurring double, multiple, or inconsistent judgments.

35.     Pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(a)(3)(B), 29 U.S.C. § 1144(a), and Fed.R.Civ.P. 22, the Court is empowered to enjoin any claimant from filing a separate lawsuit relating to the distribution of the Proceeds and to discharge Prudential from any further liability relating to the Proceeds and/or the Policy.

36.     Pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(a)(3)(B), and Fed.R.Civ.P. 22 this Court is authorized to award a disinterested stakeholder such as Prudential the reasonable costs and attorneys' fees it incurs in connection with initiating an interpleader action.

37.     Prudential is entitled to have this Court adjudicate the competing claims, or potentially competing claims of the defendants and to establish Prudential's legal obligations to the defendants with finality.

WHEREFORE, The Prudential Insurance Company of America respectfully requests that the Court issue an Order:

(a)     Allowing Prudential to deposit the Proceeds into the Court's registry;

(b)     Compelling the defendants to determine through interpleader their potentially competing and adverse claims for the Proceeds;

(c)     Extinguishing with finality all claims that the defendants have against Prudential upon Prudential's payment of the Proceeds into Court;

(d)     Restraining the defendants from instituting or prosecuting, in any other state or federal court, any proceeding against Prudential with respect to the Proceeds;

(e)     That upon Prudential's deposit of the Proceeds with the Court, Prudential will be discharged from any liability in this action;

(f)   Awarding Prudential its reasonable attorneys' fees and costs; and

(g)   Granting Prudential such other and further relief as the Court deems just and proper.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA
By its attorney,

_Edward P. O'Leary_
Edward P. O'Leary
BBO #551932
Fitzhugh, Parker & Alvaro LLP
155 Federal Street
Boston, MA 02110
(617) 695-2330

Date: March 24, 2004

### CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2004 I have this day served a copy of the above document on all counsel of record and parties in this matter by first class mail, postage prepaid as listed below.

| | | |
|---|---|---|
| Rochelle L. Hale<br>70 Shortell Avenue<br>Beverly, MA 01915 | Janice L. Fournier<br>7 Hawthorne Circle<br>Peabody, MA 01960 | Bradford J. Hale<br>240 Pleasant Street<br>Wakefield, MA 01880 |
| Judith A. Hale<br>240 Pleasant Street<br>Wakefield, MA 01880 | Andrew M. Hale<br>240 Pleasant Street<br>Wakefield, MA 01880 | James S. Hale<br>70 Shortell Avenue<br>Beverly, MA 01915 |
| Daniel L. Fournier<br>8 Tozier Road<br>Apartment Seven<br>Beverly, MA 01915 | Kimberly A. Hale<br>840 Sweetwater Lane<br>Apartment 306<br>Boca Raton, FL 33431 | Michael J. Hale<br>70 Shortell Avenue<br>Beverly, MA 01915 |

_Edward P. O'Leary_
Edward P. O'Leary

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) The Prudential Insurance Company of America v. Judith A. Hale, et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Edward P. O'Leary
ADDRESS  155 Federal Street, Suite 1700, Boston, MA 02110
TELEPHONE NO.  (617) 695-2330

(Coversheetlocal.wpd - 10/17/02)

| FITZHUGH, PARKER & ALVARO LLP | MICHAEL A. FITZHUGH | ANNE-MARIE H. GERBER + |
|---|---|---|
| ATTORNEYS AT LAW | WILLIAM L. PARKER | ROBERT P. LA HAIT |
| 155 FEDERAL STREET | FERDINAND ALVARO, JR. • | ADERONKE O. LIPEDE |
| SUITE 1700 | | AMY CASHORE MARIANI * |
| BOSTON, MA 02110-1727 | FRANK CAMPBELL JR. * | SUSAN M. MORRISON |
| TELEPHONE: (617) 695-2330 | JOSEPH M. CODEGA o• | MARK A. NEWCITY ∆ |
| FAX: (617) 695-2335 | FREDERICK E. DASHIELL* | JEFFREY A. NOVINS • |
| WWW.FITZHUGHLAW.COM | LUCY ELANDJIAN * | EDWARD P. O'LEARY † |
| | BRADLEY F. GANDRUP JR. *• | JEFFREY F. RICHARDSON▼· |
| | | ELLEN R. TANOWITZ •* |
| | | DAVID JON VOLKIN |

| RHODE ISLAND OFFICE | CONNECTICUT OFFICE | * OF COUNSEL | |
|---|---|---|---|
| 571 PONTIAC AVENUE | ONE CONSTITUTION PLAZA | UNLESS DESIGNATED OTHERWISE, OUR ATTORNEYS ARE ADMITTED ONLY IN MASSACHUSETTS | |
| CRANSTON, RI 02910 | SUITE 900 | + ALSO ADMITTED IN CALIFORNIA | † ALSO ADMITTED IN NEW HAMPSHIRE |
| TELEPHONE (401) 941-3220 | HARTFORD, CT 06103 | ∆ ALSO ADMITTED IN CONNECTICUT | o ONLY ADMITTED IN RHODE ISLAND |
| FAX (401) 941-3055 | TELEPHONE: (860) 549-6803 | • ALSO ADMITTED IN NEW YORK | ▼ ALSO ADMITTED IN RHODE ISLAND |
| | FAX: (860) 728-0546 | | |

March 24, 2004

**VIA HAND DELIVERY**

Clerk for Civil Business
United States District Court
For the District of Massachusetts
One Courthouse Way
Boston, MA 02210

    Re:    The Prudential Insurance Company of America vs. Judith A. Hale *et al.*;
            USDC for the District of Massachusetts; C.A. No. (Not yet assigned).

Dear Sir or Madam:

    Please find enclosed the following documents submitted for filing in the above-noted matter:

1. Civil Cover Sheet;
2. The Prudential Insurance Company of America's Interpleader Complaint; and
3. $150.00 Filing Fee.

    Thank you for your attention to this matter. Please do not hesitate to contact Attorney O'Leary or me with questions or concerns.

Sincerely,

Adam J. Foss,
Paralegal

Enclosures
cc:    Len Giusti, Esq.

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
The Prudential Insurance Company Of America

## DEFENDANTS
Judith A. Hale, et al.

(b) County of Residence of First Listed Plaintiff **Essex County, NJ**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Edward P. O'Leary
Fitzhugh, Parker & Alvaro LLP
155 Federal St., Suite 1700, Boston, MA
(617) 695-2330

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury -- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS--Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is a life insurance interpleader action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. secs. 1001 et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE 2/24/04
SIGNATURE OF ATTORNEY OF RECORD
Edward P. O'Leary

FOR OFFICE USE ONLY
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___