## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered into this _____ day of _____ 2004 by and between The Prudential Insurance Company of America ("Prudential") and Judith A. Hale, James S. Hale, Bradford J. Hale, Andrew M. Hale, Kimberly A. Hale, Michael J. Hale, Rochelle L. Hale, Janice K. Hale f/k/a Janice Fournier, and Daniel J. Fournier ("The Family").

## RECITALS

WHEREAS, Prudential issued Group Policy No. GO-14273 to American Institute of Certified Public Accountants for group life insurance (the "Policy");

WHEREAS, Stanley B. Hale purchased life insurance under this Policy;

WHEREAS, Stanley B. Hale submitted his original beneficiary designation form to Prudential in 1986;

WHEREAS, Stanley B. Hale submitted a second beneficiary designation to Prudential in December of 2003, dated December 2, 2003;

WHEREAS, the second beneficiary designation stated that the proceeds were to distributed as follows:

| | |
|---|---|
| A. | Janice was to receive $60,000; |
| B. | Daniel was to receive $15,000; |
| C. | Rochelle was to receive $15,000; |
| D. | Kimberly was to receive $15,000; |
| E. | Michael was to receive $15,000; |
| F. | Bradford was to receive $10,000; |
| G. | Andrew was to receive $10,000; and |
| H. | Judith was to receive $110,000. |

WHEREAS, Stanley B. Hale passed away on December 13, 2003;

WHEREAS, Prudential filed an Interpleader action in the United States District Court of Massachusetts, No. 04-cv-10586 ("the Lawsuit") so as to ensure that it made the correct payments to the proper beneficiaries.

NOW, THEREFORE, in consideration of the premises and covenants set forth herein and the acts done or to be done pursuant to this Agreement, the parties hereto now agree as follows:

25252.1

## AGREEMENT

1. <u>Payment Terms</u>. Upon the complete execution of this Agreement, Prudential agrees to pay out the proceeds of the life insurance policy mentioned above pursuant to Stanley B. Hale's second beneficiary designation as listed above. Prudential does not take a position regarding the taxability of the Payment. Each individual shall be responsible for any and all taxes imposed by any taxing or governmental agency or tribunal as a result of the Payment. The Family agrees to indemnify Prudential and its parent, affiliates, officers, directors, shareholders, employees, agents, representatives, attorneys, insurers, successors and assigns, for any taxes, fines, penalties, or interest imposed by the Internal Revenue Service or by the Massachusetts Department of Revenue, or by any other taxing agency or tribunal, as a result of any failure by Prudential to withhold taxes on the Payment or any portion thereof. The Family further agrees to release all claims on the Group Life Policy. By executing this Agreement, the Family also agrees to release all claims on the Group Life Policy as the named beneficiaries of the Group Life Policy.

2. <u>Stipulation of Dismissal with Prejudice</u>. Upon execution of this Agreement, the Prudential shall execute and file a Stipulation of Dismissal with Prejudice. Prudential shall execute and file the Stipulation of Dismissal with Prejudice contemporaneous with the execution of this Agreement.

3. <u>The Family's Release and Discharge</u>. The parties agree that in consideration of the Payment referenced in this Agreement, the Family and their respective agents, heirs, successors and assigns, knowingly, unconditionally and irrevocably RELEASE, ACQUIT AND DISCHARGE Prudential and its predecessors, successors, assigns, insurers, agents, attorneys,

25252.1

employees and any other representatives, individuals or entities acting on their behalf ("Released Parties"), from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever, known or unknown, in law or equity, which any of them now have, had or may have in the future relating to the allegations in the Lawsuit and/or the Group Life Policy. All claims covered by this release are forever barred by this Agreement without regard to whether such claims are based on any alleged breach of duty arising in contract or tort, violation of law, or any claim or cause of action regardless of the form in which it may be brought.

4.     No Reliance. Each party represents and acknowledges that in executing this Agreement he, she or it does not rely and has not relied upon any representation or statement made by any other party or any of the attorneys with regard to the subject matter, basis, or effect of this Agreement other than those specifically stated in this Agreement.

5.     Binding Effect. This Agreement shall be binding upon and inure to the benefit of the parties hereto and upon their heirs, beneficiaries, administrators, representatives, executors, assigns, successors in interest, employees, servants, agents, attorneys and directors of each of the parties hereto.

6.     Choice of Law. This Agreement shall in all respects be interpreted, enforced, and governed under the laws of the State of Massachusetts. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning.

7.     Severable Provisions. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the

25252.1

legality, validity and enforceability of the remaining parts, terms and provisions shall not be affected thereby, and said illegal, invalid or unenforceable part, term or provisions will be deemed not to be part of this Agreement.

8.      Construction. This Agreement is drafted by counsel for Prudential as an accommodation to the parties and is the product of deliberation between all parties. In the event of any dispute surrounding its interpretation, this Agreement shall not be construed against the drafter, and the parties expressly waive any right to assert such rule of construction.

9.      Advice of Counsel. In entering into this Agreement, the parties represent that they have had the opportunity retain counsel, if they so choose, to discuss this Agreement, that the terms of this Agreement have been completely read by the parties and that they understand those terms and that the parties voluntarily accept those terms and agree to enter into this Agreement.

10.      Integration. This Agreement constitutes the entire Agreement between the parties and incorporates fully the parties' respective intentions to settle all claims relating to this Lawsuit. All representations not expressly stated herein are null and void. No modifications of this Agreement will be effective unless in writing and executed by all parties to this Agreement.

11.      Knowledge of Terms. The parties hereto acknowledge, covenant and agree that each of them has read this Agreement and understand its terms, including the legal consequences thereof, and that in offering to make and in making, executing and delivering this Agreement, none of them was acting under any duress, undue influence, misapprehension, or misrepresentations by any party hereto or any agent, attorney or representative of any party, and that this Agreement was made, executed and delivered as the free and voluntary act of each party and was given in good faith on the part of each party with full knowledge of all relevant facts and

25252.1

circumstances.

12.    Attorneys' Fees and Costs. In the event any party breaches any provision of this

Agreement and an action is instituted to enforce the terms of this Agreement, or to recover

damages for breach of this Agreement, the prevailing party shall be entitled to recover from the

losing party its reasonable attorneys' fees incurred in the action, along with costs and damages.

13.    Waiver. No waiver of any provision of this Agreement shall be deemed or

constitute a waiver of any other provision, whether or not similar, nor shall any waiver constitute

a continuing waiver. No waiver shall be binding unless executed in writing by the party making

the waiver.

14.    Signature Counterparts. This agreement may be executed in multiple

counterparts, each of which shall constitute an original, but all of which, taken together shall

constitute but one agreement.

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA:

By _Pamela Cammon_

Printed _PAMELA CAMMON_

Title _SR. GROUP LIFE CLAIM SPECIALIST_

Witnessed by: _Susan Schachman_

_____
JUDITH A. HALE

Witnessed by:

_____

_____
JAMES S. HALE

Witnessed by:

_____

25252.1

circumstances.

12.    <u>Attorneys' Fees and Costs</u>. In the event any party breaches any provision of this Agreement and an action is instituted to enforce the terms of this Agreement, or to recover damages for breach of this Agreement, the prevailing party shall be entitled to recover from the losing party its reasonable attorneys' fees incurred in the action, along with costs and damages.

13.    <u>Waiver</u>. No waiver of any provision of this Agreement shall be deemed or constitute a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver.

14.    <u>Signature Counterparts</u>. This agreement may be executed in multiple counterparts, each of which shall constitute an original, but all of which, taken together shall constitute but one agreement.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA:

By_____

Printed_____

Title_____

Witnessed by:

Witnessed by:

_____
JUDITH A. HALE

Witnessed by:

_____
JAMES S. HALE

25252.1

circumstances.

12.    Attorneys' Fees and Costs. In the event any party breaches any provision of this Agreement and an action is instituted to enforce the terms of this Agreement, or to recover damages for breach of this Agreement, the prevailing party shall be entitled to recover from the losing party its reasonable attorneys' fees incurred in the action, along with costs and damages.

13.    Waiver. No waiver of any provision of this Agreement shall be deemed or constitute a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver.

14.    Signature Counterparts. This agreement may be executed in multiple counterparts, each of which shall constitute an original, but all of which, taken together shall constitute but one agreement.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA:

By_____

Printed_____

Title_____

Witnessed by:

_____

Witnessed by:

_____
JUDITH A. HALE

Witnessed by:

_____
JAMES S. HALE

25252.1

BRADFORD J. HALE

Witnessed by: _Nancy Myerson_

Witnessed by: _____

ANDREW M. HALE

Witnessed by: _____

KIMBERLY A. HALE

Witnessed by: _____

MICHAEL J. HALE

Witnessed by: _____

ROCHELLE L. HALE

Witnessed by: _____

JANICE L. HALE f/k/a Janice Fournier

Witnessed by: _____

DANIEL J. FOURNIER

25252.1

_____
BRADFORD J. HALE

Witnessed by:

_[signature]_

_[signature]_
_____
ANDREW M. HALE

Witnessed by: _[signature: Lark L. Bolduc]_

Witnessed by:

_____
KIMBERLY A. HALE

_____

Witnessed by:

_____
MICHAEL J. HALE

_____

Witnessed by:

_____
ROCHELLE L. HALE

_____

Witnessed by:

_____
JANICE L. HALE f/k/a Janice Fournier

_____

Witnessed by:

_____
DANIEL J. FOURNIER

_____

25252.1

_____
BRADFORD J. HALE

Witnessed by:

_____


_____
ANDREW M. HALE

Witnessed by: _Mechelle Scappace_

_Kimberly A. Hale_
KIMBERLY A. HALE

Witnessed by:

_____

Witnessed by:

_____
MICHAEL J. HALE


_____
ROCHELLE L. HALE

Witnessed by:

_____

_____
JANICE L. HALE f/k/a Janice Fournier

Witnessed by:

_____

_____
DANIEL J. FOURNIER

Witnessed by:

_____

25252.1

_____
BRADFORD J. HALE

Witnessed by:

_____

_____
ANDREW M. HALE

Witnessed by:

_____

_____
KIMBERLY A. HALE

Witnessed by:

_____

_____
MICHAEL J. HALE

Witnessed by: _Bryan J Chafe_

_____
ROCHELLE L. HALE

Witnessed by:

_____

_____
JANICE L. HALE f/k/a Janice Fournier

Witnessed by:

_____

_____
DANIEL J. FOURNIER

Witnessed by:

_____

25252.1

_____
BRADFORD J. HALE

Witnessed by:

_____

_____
ANDREW M. HALE
Witnessed by:

_____

_____
KIMBERLY A. HALE
Witnessed by:

_____

_____
MICHAEL J. HALE
Witnessed by:

_____

_____
ROCHELLE L. HALE

Witnessed by:

_____
JANICE L. HALE f/k/a Janice Fournier
Witnessed by:

_____

_____
DANIEL J. FOURNIER
Witnessed by:

_____

25252.1

BRADFORD J. HALE
_____

Witnessed by:

_____

Witnessed by:

ANDREW M. HALE
_____

_____

Witnessed by:

KIMBERLY A. HALE
_____

_____

Witnessed by:

MICHAEL J. HALE
_____

_____

Witnessed by:

ROCHELLE L. HALE
_____

*Janice L Hale*
JANICE L. HALE f/k/a Janice Fournier

_____

Witnessed by:

DANIEL J. FOURNIER
_____

Witnessed by:

_____

25252.1

_____
BRADFORD J. HALE

Witnessed by:

_____

_____
ANDREW M. HALE
Witnessed by:

_____

_____
KIMBERLY A. HALE
Witnessed by:

_____

_____
MICHAEL J. HALE
Witnessed by:

_____

_____
ROCHELLE L. HALE
Witnessed by:

_____

_____
JANICE L. HALE f/k/a Janice Fournier
Witnessed by:

_____

_____
Witnessed by: _Julie Bawdee_   _Daniel J. Fournier_
Fiancee                        DANIEL J. FOURNIER

25252.1